UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, Kern Valley State Prison,<br><br>　　　　　Respondent. | No.  2:15-cv-00658 AC P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). See ECF No. 6.

　　　　Examination of petitioner's affidavits, see ECF No. 2 and 7, reveal that he is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

　　　　However, review of the petition demonstrates that this court is without jurisdiction to consider the matter challenged therein. Petitioner asserts that, at his sentencing in 1990, the superior court improperly imposed a restitution fine of $10,000. See Petition, ECF No. 1 at 34. Petitioner contends, inter alia, that the fine is excessive, was not itemized, was imposed without an evidentiary hearing and in violation of state statute, and was imposed without regard to

1

petitioner's limited ability to pay the fine based on his prison work assignments.  Petitioner asserts that the fine violates his Eighth and Fourteenth Amendment rights under the United States Constitution.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Federal habeas corpus relief is available "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  This portion of Section 2254's "in custody" requirement is jurisdictional and requires that the matter challenged by a habeas petition be premised on the claim that petitioner's "custody offends federal law." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010).  Thus, there must be a nexus between petitioner's claim and the allegedly unlawful nature of his custody.  Noncustodial components of a sentence do not suppoprt federal habeas jurisdiction. Id. at 981-82; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").  Therefore, the Ninth Circuit has held that "the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements." Id. at 979 (citing cases).  More specifically, Section 2254 "does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." Id. at 982.

For these reasons, the court finds that it is without jurisdiction to consider petitioner's challenge to the subject restitution fine, which requires dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis, see ECF Nos. 2, 7, is granted;

2. Petitioner's application for a writ of habeas corpus is dismissed for lack of jurisdiction; and

////

////

3. The Clerk of Court is directed to close this case.

DATED: April 22, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE